UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION | MDL No. 17-md-2768-IT |
| This Document Relates To: 1:17-cv-11788-IT | **SHORT FORM COMPLAINT AND JURY DEMAND** |
| MARC LEDOUX PLAINTIFF, v. HOWMEDICA OSTEONICS CORP. DEFENDANTS. | |

1. Plaintiff(s), Marc Ledoux, state(s) and bring(s) this civil action in MDL No. 2768, entitled *In Re: Stryker LFIT V40 Femoral Head Products Liability Litigation*. Plaintiff are filing this Short Form Complaint as permitted by this Court's Amended Case Management Order #2, dated October 23, 2017.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff, Marc Ledoux, is a resident and citizen of the State of Georgia and claims damages as set forth below.

3. ~~Plaintiff's Spouse, _____, is a resident and citizen of the State of _____, and claims damages as set forth below.~~

4. Venue of this case is appropriate in the United States District Court, Northern District of Georgia. Plaintiff state that but for the Order permitting directly filing into the District of Massachusetts pursuant to Case Management Order No. 2, Plaintiff would have filed in the United States District Court, Northern District of Georgia. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

5. Plaintiff brings this action *[check the applicable designation]*:

__X__   On behalf of himself/herself;

_____   ~~In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent. *[Cross out if not applicable.]*~~

## FACTUAL ALLEGATIONS

Allegations as to         Implant/Explant Surgery(ies):

6. Plaintiff was implanted with an LFIT Anatomic CoCr V40 Femoral Head on his <u>right</u> hip on or about December 26, 2012, at the Emory University Hospital, 1364 Clifton Road, NE, in Atlanta, Georgia, 30322, by Dr. James Roberson.

7. Plaintiff was implanted with the following femoral stem during the

2

December 26, 2012 surgery:

  __X__           Accolade TMZF

  _____          Accolade II

  _____          Other _____(Femoral Stem)

8. Plaintiff had the femoral head at issue explanted on February 1, 2017 Emory University Hospital, 1364 Clifton Road, NE, in Atlanta, Georgia, 30322, by Dr. James Roberson.

## **ALLEGATIONS AS TO INJURIES**

9. (a) Plaintiff claims damages as a result of (check all that are applicable):

  __X__           INJURY TO HERSELF/HIMSELF

  _____          INJURY TO THE PERSON REPRESENTED

  _____          WRONGFUL DEATH

  _____          SURVIVORSHIP ACTION

  __X__           ECONOMIC LOSS

(b) Plaintiff's spouse claims damages as a result of (check all that are applicable):

  _____          LOSS OF SERVICES

  _____          LOSS OF CONSORTIUM

10. Plaintiff has suffered injuries as a result of implantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

11. Plaintiff has suffered injuries as a result of the explantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

13. Plaintiff(s) could not have known that the injuries he/she suffered were as a result of a defect in the Device(s) at issue until after the date the Device was recalled from the market and the Plaintiff(s) came to learn of the recall.

14. In addition, Plaintiff could not have known that he/she was injured by excessive levels of chromium and cobalt until after the date he/she had his/her blood drawn and he/she was advised of the results of said blood-work and the fact that those blood work abnormalities were attributable to a defect in the Device(s) at issue.

**CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

15. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

    __X__    COUNT I - NEGLIGENCE;

    __X__    COUNT II - NEGLIGENCE PER SE;

    __X__    COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

    __X__    COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

    __X__    COUNT V - STRICT PRODUCTS LIABILITY- FAILURE

4

                                        TO WARN;

    __X___      COUNT VI - BREACH OF EXPRESS WARRANTY;

    __X___      COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;

    __X___      COUNT VIII - BREACH OF IMPLIED WARRANTIES;

    _____      COUNT IX - VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT

    _____      COUNT X – VIOLATION OF CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

    __X___      COUNT XI - NEGLIGENT MISREPRESENTATION

    _____      COUNT XII - LOSS OF CONSORTIUM

    __X___      COUNT XIII – UNJUST ENRICHMENT

    _____      COUNT XIV – WRONGFUL DEATH

    __X___      COUNT XV- PUNITIVE DAMAGES

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

_____

_____

_____

_____

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1.     For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this

action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. For restitution and disgorgement of profits; and,

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

Date: November 6, 2017                    Respectfully submitted,

/s/Peter J. Flowers
BY:   Peter J. Flowers

Peter J. Flowers
MEYERS & FLOWERS, LLC.
pjf@meyers-flowers.com
225 West Wacker Drive, Suite 1515
Chicago, Illinois 60606
Phone: (312) 214-1017
Fax: (630) 845-8982