# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION  *This Document Relates to All Cases* | MDL No. 17-md-2768-IT |

## FACT SHEET IMPLEMENTATION ORDER

**I. APPLICABILITY OF THIS ORDER:** This Order sets forth the procedures regarding the Plaintiff Fact Sheet ("PFS") and Defendant Fact Sheet ("DFS") process for this MDL Docket No. 2768 ("MDL No. 2768"). This Order applies to all cases previously or hereafter transferred to this MDL, or those cases which are directly filed in this MDL proceeding.

**II. GENERAL PROVISIONS**

1. The completed PFS and DFS shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and as responses to requests for production pursuant to Fed. R. Civ. P. 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37. Except as set forth in Paragraph 1(a) and 1(d) below, each PFS and DFS must be substantially complete and shall be answered without objection. Any objections are preserved.

   a. Only questions marked with an asterisk on the PFS are those to which an objection may be made. If a plaintiff seeks to object to an asterisked question, then the objection shall be made through plaintiff's counsel of record who shall comply with Fed. R. Civ. P. 26(g) in asserting any such objection. To

1

the extent a plaintiff withholds information based on an objection to a question marked with an asterisk, Defendant may seek appropriate relief from the Court any time prior to trial of the objecting plaintiff's individual case.

b. The parties will use good faith efforts to resolve, either by agreement or with Court intervention, all objections that a party believes must necessarily be resolved prior to bellwether selection. Any such objection that cannot be resolved by agreement of the parties shall be raised with the Court no later than 14 days prior to the deadline for the parties' submission of bellwether selections. Any such objection that is not timely raised and that remains unresolved shall not, in and of itself, constitute a reason to delay bellwether selection.

c. Each PFS and DFS shall be signed and dated by the responding party (or the proper representative of the responding party) under penalty of perjury; however, they need not be notarized.

d. This Order does not prohibit a party from withholding or redacting information based upon a recognized privilege. If a party withholds or redacts any information on the basis of privilege, the responding party shall provide the receiving party with a privilege log. In the event that a dispute arises concerning the completeness or adequacy of a response to any request, this section shall not prohibit the responding party from asserting that the response is adequate.

e. To the extent the PFS and/or DFS requires the responding party to provide confidential documents or information, such disclosure will be governed by

the Stipulated Protective Order entered by the Court in connection with MDL No. 2768.

2. The PFS and DFS contain instructions and document demands in addition to the requirements set forth below.

3. Neither the PFS nor the DFS will be interpreted to limit the scope of inquiry at depositions nor will it affect whether evidence is admissible at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure and the admissibility of information in either the PFS or the DFS shall be governed by the Federal Rules of Evidence. Objections to admissibility are not waived by virtue of the completion of either a PFS or DFS.

## III. **PLAINTIFF FACT SHEETS ("PFS")**

1. The Court hereby approves with the consent of the parties the Plaintiff Fact Sheet ("PFS"), including the attached authorizations attached hereto as Exhibit A.

2. All plaintiffs in MDL No. 2768, whether revised or unrevised, must complete and serve on Defendant's Counsel and Plaintiffs' Co-Lead Counsel a PFS and properly executed authorizations as set forth in Exhibit A as follows:

   a. **Timing of Service:**

      i. *For Plaintiffs with Currently Filed Cases*: Plaintiffs with cases filed in this MDL No. 2768 as of the date of this Order will serve their PFS no later than sixty (60) days of this Order.

      ii. *For Plaintiffs with Transferred or Directly Filed Cases After this Order*: Plaintiffs whose cases are transferred or who directly filed their cases *after* the date of this Order will serve their PFS no later than sixty

(60) days of the date their case is transferred to or directly filed in this MDL. For the purpose of calculating deadlines for submitting the PFS and Authorizations, a case will be deemed transferred to the MDL either: (a) on the date the certified copy of the Conditional Transfer Order issued by the Judicial Panel on Multidistrict Litigation ("JPML") is entered in the docket of this Court, or, (b) if transfer is contested, a later date of transfer as ordered by the JPML.

b. **Method of Service:**

   i. *Plaintiffs' Co-Lead Counsel*: Service will be made by electronic mail at the following address:

      i. araso@meshbesher.com

   ii. *Defendant's Counsel*: Service will be made electronically through Defendant's FTP site, with copies emailed to Defendant's counsel to be identified. A confirming email will be sent once the PFS has been successfully uploaded.

3. **Accuracy and Supplementation:** If a plaintiff or any representative of a plaintiff who completed the PFS learns at any time that any response is incomplete or incorrect, or if the provided information changes, that plaintiff or representative must supplement the pertinent response(s) to provide the corrected or additional information within thirty (30) days of when he or she becomes aware of this information. For example, if an unrevised plaintiff later undergoes a revision surgery, then he/she must complete and serve an updated PFS and Authorizations

    for treatment related to the revision no later than thirty (30) days after the date of the revision surgery.

4. **Extensions of Time:** An individual plaintiff and Defendant may agree to an extension of the above-noted applicable time limits for service of the PFS. Plaintiffs' Co-Lead Counsel and Administrative Counsel must be copied on all extension requests. If the individual plaintiff and Defendant cannot agree on a reasonable extension of time to serve the PFS or supplemental PFS, then the party seeking the extension may apply to the Court for relief upon a showing of good cause.

5. **Failure to Serve PFS by the Required Deadline/Deficient Discovery:** In the event a plaintiff does not provide a completed PFS (including required attachments) by the above-noted deadlines or the agreed-upon extended deadline (if applicable); or if a plaintiff has failed to materially comply with his/her obligations under this Order, Defendant shall serve notice of the missed deadline and/or the material deficiency on the individual plaintiff's counsel and Plaintiffs' Co-Lead Counsel (the "deficiency letter"). The deficiency letter shall identify the alleged material deficiency. If plaintiff fails to serve a completed PFS (including required attachments) and/or cure the noted material deficiency within thirty (30) days of the deficiency letter (unless otherwise agreed), Defendant may then move to dismiss plaintiff's case with prejudice.

## IV. DEFENDANT FACT SHEETS ("DFS")

1. The Court hereby approves with the consent of the parties the Defendant Fact Sheet ("DFS") attached hereto as Exhibit B.

2. **Service**: For each Plaintiff in MDL No. 2768 who has served a PFS and all authorizations, Defendant will serve a DFS as set forth in Exhibit B as follows:
   a. **Timing of Service**
      i. *For __Currently__ Filed Cases*: For plaintiffs with cases filed in this MDL No. 2768 as of the date of this Order, Defendant will serve a DFS on the individual plaintiff and Plaintiffs' Administrative Counsel no later than ninety (90) days from the date of service of the completed PFS (including required attachments) on Defendant as set forth in Section III(2).
      ii. *For Cases Plaintiffs Transferred or Directly Filed __After__ this Order*: For plaintiffs whose cases are transferred or who directly filed their cases *after* the date of this Order, Defendant will serve a DFS on the individual plaintiff and Plaintiffs' Administrative Counsel no later than ninety (90) days from the date of service of the completed PFS (including required attachments) on Defendant as set forth in Section III(2).
   b. **Method of Service**: Defendant will serve the DFS by confidentially posting the DFS on Defendant's FTP. Notification that the DFS is available, together with any applicable instructions, will be sent via electronic mail to the individual plaintiff's counsel and Plaintiffs' Administrative Counsel. The individual plaintiff's DFS will be available on the FTP for thirty (30) days from the notice to the individual plaintiff's counsel and Plaintiffs' Administrative Counsel.
3. **Supplementation**: In connection with Section III(3) above, if a plaintiff supplements the PFS with information that materially changes the original DFS response in such a manner as to require a supplemental response, then Defendant will

6

provide an updated DFS within ninety (90) days (unless otherwise agreed) of service of that plaintiff's updated PFS.

4. **Extensions of Time:** An individual plaintiff and Defendant may agree to an extension of the above-noted applicable time limits for service of the DFS. Plaintiffs' Co-Lead Counsel must be copied on all extension requests. If the individual plaintiff and Defendant cannot agree on a reasonable extension of time to serve the DFS, then Defendant may apply to the Court for relief upon a showing of good cause.

5. **Failure to Serve DFS by the Required Deadline:** In the event Defendant does not provide a DFS by the above-noted deadlines or the agreed-upon extended deadline (if applicable), the plaintiff shall serve notice of the missed deadline on Defendant and Plaintiffs' Administrative Counsel. Defendant must serve a completed DFS (to the extent possible) within thirty (30) days of the plaintiff's notice (unless otherwise agreed).

SO ORDERED this 13th day of November, 2017.

_____
UNITED STATES DISTRICT JUDGE

7