**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ )<br>IN RE: STRYKER LFIT V40                )<br>FEMORAL HEAD PRODUCTS               )<br>LIABILITY LITIGATION                    )<br>                                                    )<br>This Document Relates To:               )<br>                                                    )<br>Case No. 1:17-cv-12336-IT               )<br>                                                    )<br>_____ )<br>                                                    )<br>PLAINTIFFS,                               )<br>                                                    )<br>      v.                                        )<br>                                                    )<br>HOWMEDICA OSTEONICS CORP.        )<br>                                                    )<br>DEFENDANTS.                             )<br>_____ )<br>This Case Relates to:                      )<br>Plaintiff John Gruver                      )<br>_____ ) | **MDL No. 17-md-2768-IT**<br><br><br><br><br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

1.      Plaintiff, John Gruver, states and brings this civil action in MDL No. 2768,

entitled *In Re: Stryker LFIT V40 Femoral Head Products Liability Litigation.*   Plaintiff is

filing this Short Form Complaint as permitted by this Court's Amended Case Management

Order #2, dated October 23, 2017.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff, John Gruver, is a resident and citizen of the State of Washington

and claims damages as set forth below.

3.      Venue of this case is appropriate in the United States District Court, Western

District of Washington. Plaintiff states that but for the Order permitting directly filing into

the District of Massachusetts pursuant to Pretrial Order No. 3, Plaintiff would have filed in the United States District Court, Western District of Washington. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

4.     Plaintiff brings this action *[check the applicable designation]*:

  X   On behalf of himself;

_____     In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____Court of _____.

## FACTUAL ALLEGATIONS

Allegations as to     Implant/Explant Surgery(ies):

5.     Plaintiff was implanted with an LFIT Anatomic CoCr V40 Femoral Head on his left hip on or about April 27, 2007, at the Kaiser Permanente medical center, 125 16th Avenue East, Seattle, Washington 98112, by Dr. James Miller.

6.     Plaintiff was implanted with the following femoral stem during the April 27, 2007 surgery:

  X   Accolade TMZF

_____     Accolade II

_____     Other _____(Femoral Stem)

7.     Plaintiff had the femoral head at issue explanted on May 5, 2017, at Kaiser Permanente medical center, 125 16th Avenue East, Seattle, Washington 98112, by Dr. James Miller.

## ALLEGATIONS AS TO INJURIES

8.      Plaintiff claims damages as a result of (check all that are applicable):

  X               INJURY TO HIMSELF

_____             INJURY TO THE PERSON REPRESENTED

_____             WRONGFUL DEATH

_____             SURVIVORSHIP ACTION

_____             ECONOMIC LOSS

9.      Plaintiff has suffered injuries as a result of implantation of the Device at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

10.     Plaintiff has suffered injuries as a result of the explantation of the Device at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

11.     Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

12.     Plaintiff could not have known that the injuries he suffered were as a result of a defect in the Device at issue until after the date the Device was recalled from the market and the Plaintiff came to learn of the recall.

13.     In addition, Plaintiff could not have known that he was injured by excessive levels of chromium and cobalt until after the date he had his blood drawn and he was advised of the results of said blood-work and the fact that those blood work abnormalities

3

were attributable to a defect in the Device at issue.

## **CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

14.    The following claims and allegations are asserted by Plaintiff(s) and are

herein adopted by reference (check all that are applicable):

   _X_            COUNT I - NEGLIGENCE;

   _____       COUNT II - NEGLIGENCE PER SE;

   _X_            COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

   _X_            COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

   _X_            COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN;

   _X_            COUNT VI - BREACH OF EXPRESS WARRANTY;

   _____       COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;

   _X_            COUNT VIII - BREACH OF IMPLIED WARRANTIES;

   _____       COUNT IX - VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT

   _X_            COUNT X – VIOLATION OF CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

   _X_  COUNT XI - NEGLIGENT MISREPRESENTATION

   _____       COUNT XII - LOSS OF CONSORTIUM

   _____       COUNT XIII – UNJUST ENRICHMENT

   _____       COUNT XIV – WRONGFUL DEATH

   _____       COUNT XV- PUNITIVE DAMAGES

4

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

_____

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1.     For compensatory damages requested and according to proof;

2.     For all applicable statutory damages of the state whose laws will govern this action;

3.     For an award of attorneys' fees and costs;

4.     For prejudgment interest and costs of suit;

5.     For restitution and disgorgement of profits; and,

6.     For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

*Dated* this 27th day of November, 2017.

THE SULLIVAN LAW FIRM

By: */s/ Kevin Sullivan*
     Kevin P. Sullivan, Admitted *Pro Hac Vice*
     Sullivan Law Firm, LLC
     701 Fifth Avenue Suite 4600
     Seattle, WA 98104
     Ph: (206) 903-0504
     Fx: (206) 260-2060
     Email: K.Sullivan@SullivanLawFirm.org
     Attorney for Plaintiff John Gruver