UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION | *<br>*<br>*<br>*<br>* MDL No. 17-md-2768-IT<br>*<br>* |
| This Document Relates To:<br><br>All Cases | *<br>*<br>*<br>* |

CASE MANAGEMENT ORDER NO. 5
(Deposition Guidelines)

**January 11, 2018**

**I.  General Provisions**

A. This order shall govern and control the conduct of depositions of all witnesses deposed in MDL Docket No. 2768 ("MDL No. 2768"). This Order applies to all cases previously or hereafter transferred to this MDL, or those which are directly filed in this District for consolidation with this MDL proceeding.

B. The purpose of this Order is to gain the highest degree of efficiencies in the taking of depositions and to ensure a seamless coordination with the New Jersey Multicounty Litigation ("MCL") and, to the extent possible, other state court litigations. The parties will meet and confer in the future regarding whether an addendum to address expert discovery is necessary and, if so, its content.

C. Counsel and all parties shall comply with this order, and to the extent consistent with this Order, with applicable rules.

D. Counsel will make good-faith efforts to resolve all objections, whether asserted before the deposition (including any objections to the deposition notice) or during the deposition, by agreement before presenting them to the Court.

E. Unless otherwise ordered by the Court, or agreed to by the parties, no individual shall be deposed more than once in his or her personal capacity. The parties acknowledge that the New Jersey Rules regarding *de bene esse* depositions may require Plaintiffs to petition the NJ-MCL for relief from this provision. Accordingly, this provision shall not constitute a waiver of the right to seek such relief in the NJ MCL, or of Defendant's right to oppose such relief consistent with applicable rules.

F.  All participants at a deposition must be present and in attendance at the deposition location, unless otherwise agreed, and must identify themselves on the record at the beginning of the deposition.

**II. Notice**

A.  <u>Content and Notice</u>. Each deposition notice shall include the name of each deponent, or description of the deponent where a designated corporate representative, the general occupational description of each deponent, if known, the address and telephone number of an attorney point of contact designated by the party noticing the deposition, as well as the date, time and place of the deposition. Each deposition notice absent consent or Court order, shall be served twenty-one (21) days prior to the date of the deposition set forth in the notice for party witnesses. This order, in its entirety, shall be attached to any subpoena or third-party deposition notice.

**III. Scheduling**

A.  <u>Cooperation and Scheduling</u>. Absent extraordinary circumstances, counsel shall consult with opposing counsel and counsel for the proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the schedule of depositions on a good faith basis. This shall not preclude the service of a deposition notice or scheduling a deposition with a placeholder date prior to such consultation. However, the parties shall be expected to meet and confer regarding scheduling as necessary following service of the deposition notice. Counsel will promptly notify counsel when depositions are to be canceled.

B.  Only one deposition of a current or former employee of HOC (or related entities) shall be taken per day, until such time as there is a demonstrated need to multitrack depositions of the employees of defendants. At that time, the parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions of employees of the defendants, where necessary.

C.  <u>Location</u>. To the extent reasonably possible, depositions will take place in the deponent's home district, or, if counsel for the deponent agrees, in another district convenient to the deponent, counsel and the parties.

**IV. Coordination with State Court Actions/Cross-Noticing of Depositions**

A.  The parties and the Court desire to minimize the expense and inconvenience of this litigation by, *inter alia*, providing for joint depositions of witnesses within the time limits set forth in this Order in this MDL and the coordinated state court litigations in New Jersey, relating to the LFIT V40 femoral heads. The parties will also confer in good faith to coordinate joint depositions with any remaining state court litigation, including such litigation in Florida and Massachusetts. Notice to Plaintiffs' Lead Counsel in the MDL

and NJ Multicounty Litigation shall be sufficient notice for those litigations, but Defendant shall cross-notice accordingly in any other state court litigation, as applicable.

B. Given the overlap of counsel between the MDL, the consolidated New Jersey Multicounty Litigation and the various state-court litigations, absent consent or court order, only two plaintiffs' attorneys and one defense attorney may question a witness.

## V. Attendance

A. <u>Who May be Present</u>. Unless otherwise ordered, depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the depositions, the parties or the representative of a party (including in-house counsel and insurers), court reporters, videographers, interpreters, the deponent, and counsel for the deponent.

B. <u>Notice of Intent to Attend a Deposition.</u> In order for counsel to make arrangements for adequate deposition space and address any security clearance requirements at the deposition location, Liaison Counsel for each party shall confer regarding the expected attendance at least 72 hours before the scheduled date.

## VI. Duration of Depositions

Unless otherwise ordered by the Court, or agreed to by the parties and counsel for any deponent, the following provisions shall govern the depositions subject to this order:

A. Unless otherwise agreed, a deposition shall ordinarily commence at 9:00 am and terminate no later than 6:00 pm, including a one-hour break for lunch. No breaks shall be taken while a question is pending, except to confirm about an issue relating to privilege.

B. Counsel shall be efficient in depositions. Absent agreement of the parties or order of this court, the presumptive limit for depositions is one (1) day of seven (7) hours, as set forth in Federal Rule of Civil Procedure 30(d)(1).

C. Where a witness is a party or a current or former employee, agent, or consultant for a party or a subsidiary or affiliate of a party, time spent by defending counsel for direct examination of the witness shall not count against the time allotted to questioning counsel.

Where a witness is a non-party, and is not a current or former employee, agent, or consultant for a party or a subsidiary or affiliate of a party, the parties shall meet and confer to reach agreement on an equitable division of the available time to depose the witness.

D. In the event that a deposition involves a translator, the maximum length of a deposition shall be reasonably expanded.

VII. **Conduct**

   A. Objections and Directions Not to Answer. Private consultations between deponents and their attorneys during the actual taking of the deposition shall not be permitted, except for the purpose of determining whether a privilege should be asserted. Consultations may be held during normal recesses, adjournments, or if there is a break in the normal course of interrogation and no questions are pending.

   B. Disputes During the Deposition. Disputes relating to depositions shall be resolved jointly by the parties wherever possible. Disputes that arise during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition if not immediately resolved, shall be presented to the Court by telephone or writing. If the parties elect to present the dispute to the Court in writing following the deposition, each side must submit a brief summary of its position and any authority relevant to the dispute. In the event the Court is not available by telephone to resolve the dispute, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time. Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to applicable rules, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court.

VIII. **Means of Recording**

   A. Stenographic Recording. A certified Court reporter shall stenographically record all deposition proceedings and make available testimony with "real time feed" capabilities to only individuals physically present in the room in which the deposition is being conducted. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) and similar state court rules addressing filing, retention, certification, and the like.

IX. **Documents Used in Connection with Depositions**

   A. Production of Documents. Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least twenty-one (21) before a scheduled deposition, with a copy of the subpoena served on counsel of record.

   B. Objections to Documents. Objections to the relevance or admissibility of documents used as deposition exhibits are not waived and are reserved for later ruling by the Court or by the trial judge.

**X. Copies of Transcripts and Recordings**

A. Each side shall bear its own costs in securing copies of the deposition transcript, videotape or DVD.

**XI. Video Depositions**

By so indicating in its notice of deposition, a party may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

A. <u>Simultaneous Stenographic Recording</u>. All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph 1, *supra*.

B. <u>Cost of Deposition</u>. The party requesting the videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording, except as set forth below with regard to a party's decision to videotape the questioning attorney.

**IT IS SO ORDERED.**

Date: January 11, 2018 /s/ Indira Talwani
United States District Judge