UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION | * * * * |
| | *    MDL No. 1:17-md-2768-IT |
| This Document Relates To: *All Cases* | * * * |

## ORDER AIDING PRIVATE SETTLEMENT

TALWANI, D.J.

Pursuant to the Judicial Panel on Multidistrict Litigation's April 5, 2017 Order, MDL No. 2768 was assigned to this Court for coordinated pretrial proceedings.

On November 2, 2018, the Court was informed that Defendant Howmedica Osteonics Corp. ("HOC"), together with members of the Plaintiffs' Executive Committee appointed by this Court, and members of the Plaintiffs' Executive Committee appointed by the Hon. Rachelle L. Harz, J.S.C. in *In re Stryker LFIT CoCr V40 Femoral Heads Hip Implant Litigation*, Case No. 624, Master Docket No. BER-L-7859-17 (the "NJ MCL") (such committees collectively referred to as the "PSC"; HOC and the PSC collectively referred to as "the Parties") have reached a confidential settlement agreement to resolve the claims of certain eligible patients who had surgery to replace their LFIT$^{TM}$ CoCr V40$^{TM}$ femoral head ("LFIT V40") along with related hip system components.

The Court, pursuant to its inherent authority, and to ensure effective and timely notice to eligible patients and to allow the Parties time to effectuate the settlement, hereby issues the following Order:

**IT IS** on this 2nd day of November 2018, **ORDERED**:

I. **SETTLEMENT AND LITIGATION MATTERS**

1. <u>Preliminary Notices to Eligible Claimants</u>: The Settlement Oversight Committee ("SOC"), through its Settlement Administrator, shall provide preliminary notices to eligible claimants with details of the settlement and proposed resolution of their claims within seven (7) days of this Order.

2. <u>SOC</u>: The SOC shall represent the PSC and the plaintiffs' counsel in connection with the settlement and shall be the primary point of contact between the individual plaintiff's counsel, HOC, this Court, the NJ MCL Court, any other state court, and other necessary parties. The SOC shall be comprised of the following members of the PSC who were involved in the negotiations of the settlement:

    a. Peter J. Flowers, Meyers & Flowers, LLC;
    b. C. Calvin Warriner, III, Searcy Denney Scarola Barnhart & Shipley;
    c. Walter Kelley, Bernheim Dolinsky Kelley LLC;
    d. Michael L. McGlamry, Pope McGlamry Kilpatrick Morrison & Norwood LLP;
    e. Joseph Osborne, Osborne & Francis PLLC; and
    f. Ellen Relkin, Weitz & Luxenberg P.C.

3. <u>SOC Points of Contact</u>: All interested parties are directed to the following members of the SOC for any inquiries regarding the settlement: Peter J. Flowers, Meyers & Flowers, LLC; C. Calvin Warriner, III, Searcy Denney Scarola Barnhart & Shipley; and Ellen Relkin, Weitz & Luxenberg P.C.

4. <u>HOC Settlement Contact</u>: To the extent necessary, HOC counsel for purposes of settlement-related issues is: Kim M. Catullo, Gibbons P.C.

5. <u>The Settlement Administrator</u>: At the request of the SOC and with the consent of HOC, the Court hereby identifies Archer Systems, LLC as the Settlement Administrator to perform the duties consented to by the Parties.

**6.** <u>The Third-Party Neutral</u>: At the request of the SOC and with the consent of HOC, the Court hereby identifies Hon. Diane M. Welsh (Ret.) as the Third-Party Neutral to perform the duties consented to by the Parties.

7. <u>Review of Orders and Findings</u>: The private settlement is intended by the Parties to be self-executing pursuant to the consent of the Parties and the participating claimants and their counsel, and is not subject to judicial review.

8. <u>Reports to the Court</u>: The Parties shall provide monthly reports to the Court, or more frequently as necessary or by special request of the Court, reporting on the general status of the settlement or on any other matter the Court deems necessary and appropriate.

9. <u>Stay of Litigation</u>: Upon the Court's own motion, and absent any different order from the Court, discovery in this litigation shall be stayed until July 31, 2019 if HOC does not exercise its settlement walk away rights. In the event HOC does exercise its walk away rights, then the discovery stay shall be lifted immediately upon exercise of the walk away right, or as otherwise ordered or agreed.

IT IS SO ORDERED

Date: November 2, 2018         /s/ Indira Talwani
                               UNITED STATES DISTRICT JUDGE