UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD | * | |
| PRODUCTS LIABILITY LITIGATION | * | MDL No. 17-md-2768-IT |
| | * | |
| | * | |
| This Document Relates To: | * | |
| | * | |
| LAKELAND REGIONAL HEALTH | * | |
| SYSTEMS, INC., | * | |
| | * | Case No.: 1:19-cv-11268 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| HOWMEDICA OSTEONICS CORP., | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

June 4, 2020

TALWANI, D.J.

I.    Introduction

Pending before the court is Plaintiff's Motion to Lift the Stay Order, and Amended

Motion to Remand ("Pl.'s Mtn.") [#25], which Defendants oppose. See Defs.' Opp'n. [#29]. The

court has already granted the motion in part and lifted the stay. Order [#27]. For the reasons that

follow, the remainder of the motion is DENIED.

II.    Procedural History

On January 30, 2019, Defendants Howmedica Osteonics Corporation ("Howmedica")

and Stryker Corporation ("Stryker")[1] removed a Florida state court action to the U.S. District

---

[1] Stryker was named in the complaint and joined in the removal and the opposition to Plaintiff's
motion. Defendants note that Stryker does not waive any available defenses, including lack of

Court for the Middle District of Florida (the "Transferor Court") asserting diversity of

citizenship between them and Plaintiff. Notice of Removal [#1]. Defendants then filed a <u>Notice</u>

<u>of Pendency of Related Actions</u> [#4] indicating the case is related to MDL No. 2768, <u>In re:</u>

<u>Stryker LFIT V40 Femoral Head Products Liability</u>, pending before this court. The U.S. Judicial

Panel on Multidistrict Litigation ("the Panel") issued a Conditional Transfer Order notifying the

parties of its intention to transfer the case to this court, which Plaintiff opposed. <u>See</u> Notice of

Filing Opposition to Conditional Transfer Order 1 [#10]. On February 12, 2019, the Transferor

Court issued an <u>Order</u> [#11] directing the clerk to stay and administratively close the case

"pending a determination" by the Panel regarding the transfer of the action.

On February 19, 2010, Plaintiff filed a <u>Motion to Vacate Stay Order and to Remand</u>

[#15]. Defendants opposed the vacation of the stay and argued that "[a]bsent relief from this

Court's Stay Order, however, Plaintiff's Motion to Remand is unauthorized and

improper…Defendants are under no obligation to response to Plaintiff's Motion at the present

time, as doing so would quite simply operate to obviate this Court's Stay." Defendants' Opp'n.

to Pl.'s Mtn. to Vacate Stay Ord. and to Remand 3 n.2 [#17]. The Transferor Court took no

action on the motion.

On June 5, 2019, the Panel issued a <u>Transfer Order</u> [#18] finding that, "while the claims

in <u>Lakeland Regional</u> may indeed be unique (defendants do not point to other similar subrogation

actions), when, as here, 'common factual issues exist,…the presence of different legal theories

among the subject actions is not a bar to centralization,'" and transferring the case to this court.

---

personal jurisdiction. <u>See</u> Defs.' Opp'n. 1 n.1 [#29]. To the extent that this case is proceeding as
part of the MDL, the court's <u>Amended Case Management Order No. #2</u> adopted the stipulation
between the MDL Plaintiffs and Defendant Howmedica that Howmedica will be the only
defendant named in the MDL. <u>See</u> Case Management Orders No. 1-5 18, 112 [#22-1]. Plaintiff's
short form complaint here follows that directive. Short Form Complaint [#28].

Transfer Order [#18] (quoting In re: Bank of New York Mellon Corp. Foreign Exch.

Transactions Litig., 857 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012)).

On June 24, 2019, Plaintiff moved to lift the stay and remand. Pl.'s Mtn. [#25]. The

court granted the unopposed request to lift the stay and set a deadline for Defendants'

Opposition. Order [#27]; see also 7.1 Certificate [#25]. Defendants oppose remand both on

timeliness grounds and on the merits. Defs.'s Opp'n [#29].

III.      Governing Law

Plaintiff's contention that this court does not have subject matter jurisdiction and must

remand is a question of federal law. See Pl.'s Mtn. 2 [#25]; see also Grubbs v. General Elec.

Credit Corp., 405 U.S. 699, 705 (1972) ("…the removal statutes and decisions of this Court are

intended to have uniform nationwide application"). Defendants argue that, "[i]n the ordinary

course, questions of federal law in MDL-transferred cases are governed by the law of the

transferee circuit" such that the court must look to the First Circuit to resolve questions of federal

law. Defs.' Opp'n. 3 [#29] (quoting In re New England Mut. Life Ins. Co. Sales Practices Litig.,

324 F. Supp. 2d 288, 297 (D. Mass. 2004)). Plaintiff argues that Eleventh Circuit law controls as

to the appropriate choice-of-law rules. See Pl.'s Mtn. 7 n.2 [#25]. Defs.' Opp'n. 3 [#29].

However, the authority cited by Plaintiff, Larsen v. Citibank FSB, addresses choice-of-law rules

for cases in federal court pursuant to diversity jurisdiction in which the court must decide

questions of state law. 871 F.3d 1295, 1303 (11th Cir. 2017). Where, as here, the court faces a

question of federal law, it is the law of the transferee circuit that applies. In re Zofran

(Ondansetron) Products Liability Litigation, 2019 WL 2491587 *5 n.5 (D. Mass 2019) (quoting

In re General Am. Life Ins. Co. Sales Practices Litig., 391 F.3d 907, 911 (8th Cir. 2004) for the

proposition that, as to the issue of remand, "because 'a transferee court [that] receives a case

from the MDL Panel, ... [is to] appl[y] the law of the circuit in which it is located,' the Court will

follow First Circuit precedent"); see also In re Fresenius Granuflo/Naturalyte Dialysate Prods.

Liab. Litig., 76 F. Supp. 3d 321, 327 n.4 (D. Mass. 2015) (Noting, for the purpose of determining

the citizenship of a corporate defendant, that "questions of law in MDL-transferred cases are

governed by the law of the transferee court").

IV.     Timeliness

Defendants contend that Plaintiff's motion was not timely filed. Defs.' Opp'n. 18-19

[#29]. Plaintiff argues the motion was timely and that, regardless, an objection to removal under

28 U.S.C. § 1445(c) raises a question of the court's subject matter jurisdiction and so can be

raised at any time. Pl.'s Mtn. 7 [#25].

The First Circuit has not decided whether 28 U.S.C. § 1445(c)'s prohibition is a

limitation on the court's subject matter jurisdiction or a mere procedural limitation subject to 28

U.S.C. § 1447(c)'s requirement that motions to remand be filed within thirty days of the filing of

the notice of removal. See Armistead v. C & M Transport, Inc., 49 F.3d 43, 47 (1st Cir.1995);

see also Spellman v. United Parcel Serv., Inc., 540 F. Supp. 2d 237, 242 n.10 (D. Me. 2008)

("Although the First Circuit has not spoken definitively on this issue, the weight of authority

treats non-compliance with § 1445(c) as a procedural defect, not a question of subject matter

jurisdiction"). The court need not weigh in on this split where Plaintiff's original motion to

remand was timely filed.

Plaintiff's Motion to Vacate Stay Order and to Remand [#15] was timely filed within

thirty days of Defendants' Notice of Removal [#1]. See 28 U.S.C. § 1447(c). Though filed

during the stay imposed by the Transferor Court, see Order [#11], the Motion [#15] was not a

nullity.[2] Indeed, Defendants' <u>Opposition</u> 3 n.2 [#17] asserted only that the <u>Motion</u> [#15] was "improper," and "reserve[d] the right to respond in opposition" should the court vacate the stay. That the Transferor Court did not act on the motion does not convert it into a nullity. On June 5, 2019, the U.S. Judicial Panel on Multidistrict Litigation transferred the case to this court. Transfer Order [#18].

If Defendants were correct that the transfer automatically lifted the stay, Defendants' time to respond to the motion to remand would have commenced when the case was transferred here, and would therefore have been due fourteen days after the transfer. <u>See</u> L.R. 7.1(b)(2) ("A party opposing a motion shall file an opposition within 14 days after the motion is served"). Defendants did not file their opposition within that time.

However, the court read the Transferor Court's <u>Order</u> [#11] staying the case "pending a determination" by the Panel to indicate only that the reason for the stay ended with the transfer but that the stay itself remained in effect until this court lifted it. <u>See</u> Order [#27]. Consistent with that reading, the court took no action on the original motion to remand until the stay was lifted, and then gave Defendants an additional fourteen days to respond to the motion to remand. <u>Id.</u> That Plaintiffs re-docketed the motion to remand together with the motion to lift the stay as an <u>Amended Motion</u> [#25] assisted the court in tracking the original motion, and did not thereby make the original <u>Motion</u> [#15] untimely. Proceeding in this fashion not only promoted an orderly process for the court, but avoided penalizing Defendants for failing to respond to Plaintiff's <u>Motion</u> [#15]. In sum, the court finds Defendants' timeliness argument unmeritorious.

---

[2] Because Plaintiff's <u>Motion</u> [#15] was timely filed during the stay, the court need not reach Defendants' suggestion that time during the stay should be excluded. <u>See</u> Defs.' Opp'n. 20 [#29].

V.      Whether Removal Was Proper Under 8 U.S.C. § 1445(c)

In general, "any civil action brought in a State court of which the district courts of the

United States have original jurisdiction, may be removed" by the defendant to federal court. 28

U.S.C. § 1441. The court has original, diversity jurisdiction over actions when the amount in

controversy is greater than $75,000 and there is complete diversity among the parties. 28 U.S.C.

§ 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). However, "[a] civil

action in any State court arising under the workmen's compensation laws of such State may not

be removed to any district court of the United States." 28 U.S.C. § 1445(c). It is the defendants'

burden to show that federal jurisdiction lies. Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010); Coll.

of Dental Surgeons of Puerto Rico v. Connecticut Gen. Life Ins. Co., 585 F.3d 33, 39 (1st Cir.

2009).

Plaintiff contends that its suit is an action "arising under the workmen's compensation

laws of" Florida and, as such, "may not be removed to any district court of the United States,"

Pl.'s Mem. 3 [#26]; see 28 U.S.C. § 1445(c), because, pursuant to the test set out in the Eighth

Circuit's Humphrey v. Sequentia, Inc., it is the Florida workers' compensation statute that

"creates a specific right of action," and "a civil action brought to enforce that right of action is,

by definition, a civil action arising under the workers' compensation laws of that state."

Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1246 (8th Cir. 1995). Defendants contend that

Plaintiff's suit is not properly understood as "arising under" Florida's workers' compensation

laws where the phrase "arising under" in 28 U.S.C. § 1445(c) is given the same meaning as the

same phrase used in 28 U.S.C. §§ 1331 and 1338(a), that is, Florida's workers' compensation

law does not "create[] the cause of action and provide[] the rules of decision." Defs.' Opp'n. 5-6

6

[#29] (quoting Ortiz-Espinosa v. BBVA Sec. of Puerto Rico, Inc., 852 F.3d 36, 45 (1st Cir. 2017)).

Florida's Workers' Compensation statute addressing "[c]ompensation for injuries when third persons are liable" provides that where a covered employee "is injured or killed in the course of his or her employment by the negligence or wrongful act of a third-party tortfeasor, such injured employee…may pursue his or her remedy by action at law or otherwise against such third-party tortfeasor." Fla. Stat. Ann. § 440.39(1) (West 2020). However, where an employee "fail[s] to bring suit against such third-party tortfeasor within 1 year after the cause of action thereof has accrued, the employer…may…institute suit against such third-party tortfeasor, either in his or her own name or [in the name of the employee, or his or her dependents…],[3] and, in the event suit is so instituted, shall be subrogated to and entitled to retain [a specified portion] from any judgment recovered against, or settlement made with, such third party…" Fla. Stat. Ann. § 440.39(4)(a) (West 2020). "Since the right of subrogation is purely derivative, and the insurer succeeds only to the rights of the insured, no new cause of action is created." 16 Couch on Insurance §222:14 (3d ed. 2019). Put another way, "the concept of subrogation merely gives the insurer the right to prosecute the cause of action which the insured possessed against anyone legally responsible for the insured's harm, even though the right of subrogation is expressly declared by statute." Id.

Because a removal statute is "intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied," see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941), the mere fact that the statutory source of the subrogation right is located within Florida's workers' compensation framework

---

[3] See Fla. Stat. Ann. § 440.39(3)(a) (West 2020).

cannot be determinative. In <u>Humphrey</u>, the Eighth Circuit addressed the particular claim in front

of the court, finding that an allegation of retaliatory discharge under Mo. Rev. Stat. § 287.780

(1994) was a claim arising under Missouri's workers' compensation laws, and "decline[d] to

adopt" a broad, *per se*, rule. 58 F.3d 1238, 1246 n.11, 1247 (8th Cir. 1995). While it is true that

Fla. Stat. Ann. § 440.39(4)(a) "create[s] a subrogation right for employers," Pl.'s Mem. 7 [#16],

it "neither creates Plaintiff's causes of action nor provides the rule of decision." Defs.' Opp'n. 6

[#29]. Plaintiff is stepping into the shoes of its employee to "pursue his or her remedy by action

at law or otherwise," <u>see</u> Fla. Stat. Ann. § 440.39(1) (West 2020), which, here, are claims of

common law negligence, failure to warn, design defect, manufacturing defect, breach of express

and implied warranty, and punitive damages. Complaint 11, 15-18, 23 [#1-1]. As such,

Plaintiff's claims are not ones "arising under the workmen's compensation laws of [Florida]" and

removal is not prohibited by 28 U.S.C. § 1445(c).

VI.    <u>Amount in Controversy</u>

Plaintiff argues that "Defendants have failed to demonstrate that the requisite amount in

controversy is satisfied by a preponderance of the evidence." Pl.'s Mem. 10 [#26]. Defendants,

however, contend that they "plausibly alleged, with facts, that the amount in controversy in this

case exceeds $75,000." Defs.' Opp'n. 14-15 [#29].

The Supreme Court has held that "as specified in § 1446(a), a defendant's notice of

removal need include only a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only

when the plaintiff contests, or the court questions, the defendant's allegation." <u>Dart Cherokee</u>

<u>Basin Operating Co., LLC v. Owens</u>, 574 U.S. 81, 89 (2014). Plaintiff argues that Defendants

"have not met their burden," but does not assert that Defendants' assessment of damages is

incorrect. See Pl.'s Mem. 10 [#26]. As such, Defendants must only plausibly allege that the

amount in controversy exceeds $75,000, and, in reiterating the factual allegations of injuries

alleged by Plaintiff in its Complaint [#1-1], have done so. See Notice of Removal ¶ 14 [#1]. The

court accepts Defendants' amount-in-controversy allegation as apparently "made in good faith,"

see Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014), and, thus, has

diversity jurisdiction over the action.

VII.    Conclusion

The stay, entered pursuant to the Transferor Court's Order [#11], has been lifted. See

Order [#27]. Accordingly, the remainder of Plaintiff's Motion to Lift the Stay Order, and

Amended Motion to Remand [#25] is DENIED.


IT IS SO ORDERED.

Date: June 4, 2020                               /s/ Indira Talwani
                                                 United States District Judge