UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION | * * * * MDL No. 1:17-md-2768-IT |
| This Document Relates to: | * * |
| Michelle Burns v. Howmedica Osteonics Corp., 1:25-cv-10253 | * * * |
| Doug McAlexander v. Howmedica Osteonics Corp., 1:25-cv-10637 | * * * |
| Joseph Ezell v. Howmedica Osteonics Corp., 1:25-cv-10635 | * * * |
| Georgia Porter v. Howmedica Osteonics Corp., 1:25-cv-10638 | * * * |

**ORDER OF DISMISSAL WITH PREJUDICE FOR
FAILURE TO COMPLY WITH CMO # 6 AND CMO #7**

December 12, 2025

TALWANI, D.J.

Pending before the court are Defendant Howmedica Osteonics Corp.'s Motions to Dismiss [Doc. Nos. 1968, 1969, 1970, 1971] the Complaints [Doc. 1926, 1939, 1941, 1943] filed, respectively, by Plaintiffs Michelle Burns, Joseph Ezell, Doug McAlexander, and Georgia Porter, for failure to comply with Case Management Order No. 6 ("CMO #6") [Doc. No. 1030] and Case Management Order No. 7 ("CMO #7") [Doc. No. 1246].[1] The four motions are GRANTED.

---

[1] All docket citations are to the master docket, 17-md-2768-IT unless otherwise stated.

1

I.    **Background**

A.    Plaintiffs' Discovery Obligations

On August 8, 2017, the court issued Case Management Order No. 1 ("CMO #1") [Doc. No. 216]. CMO #1 allowed direct filing in this multidistrict litigation ("MDL"), relieving Plaintiffs of the burden of filing in their home districts and then seeking transfer of their cases to the MDL. See Id. ¶¶ 1–2. CMO #1 also imposed certain discovery obligations on Plaintiffs, including that Plaintiffs complete and serve the Case Questionnaire ("CQ") within thirty days of directly filing a case in the MDL. Id. ¶ 5.c.i.

On November 13, 2017, the court issued the Fact Sheet Implementation Order [Doc. No. 479]. That order required each Plaintiff to complete, verify, and serve the Plaintiff Fact Sheet ("PFS"), and specifically provided that responses "shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and as responses to requests for production pursuant to Fed. R. Civ. P. 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37." Fact Sheet Implementation Order ¶¶ I–III [Doc. No. 479]. The Order required service of the PFS within sixty days of the direct filing of a case in the MDL. Id. ¶ III.2.a.ii.

On November 5, 2019, the court issued CMO #6 [Doc. No. 1030] which reiterated the discovery obligations set forth above and ordered further, as relevant here, that:

> . . . Plaintiff's counsel of record shall execute a Case Questionnaire Certification attached hereto as Exhibit 1, and shall serve the Case Questionnaire Certification along with Plaintiff's completed Case Questionnaire (including required documentation) . . . **within thirty (30) days** of . . . the direct filing of a case in. . . this MDL[.]

Id. ¶ 2 (emphasis in original). The Order's Case Questionnaire Certification required counsel of record to certify:

> After diligent and reasonable inquiry by me, I . . . represent, declare and certify that to the best of my knowledge, information and belief, all of the information provided in this Case Questionnaire is true, correct and complete. I further acknowledge my

2

> ongoing duty to supplement this Case Questionnaire in accordance with the court's prior orders to provide complete, correct, and/or additional information within 30 days of becoming aware of such information.

CMO #6 Ex. 1 [Doc. No. 1030-1].

CMO #6 further required that Plaintiffs' counsel to submit a PFS Certification. CMO #6 ¶ 3 [Doc. No. 1030]. The PFS Certification required counsel of record to certify:

> After diligent and reasonable inquiry by me, I . . . represent, declare and certify that to the best of my knowledge, information and belief, all of the information provided in this Plaintiff Fact Sheet is true, correct and complete. I further acknowledge my ongoing duty to supplement this Plaintiff Fact Sheet in accordance with the court's prior orders to provide complete, correct, and/or additional information within 30 days of becoming aware of such information.

CMO #6, Ex. 2 [Doc. No. 1030-2].

CMO #6 also set forth potential consequences for failing to comply with these requirements:

> In the event that a Plaintiff does not provide a fully completed Case Questionnaire or PFS, or counsel fails to provide a signed Case Questionnaire Certification or signed PFS Certification by the above noted deadlines, <u>and the deficiency is not cured within fifteen (15) days of notice of the deficiency by Defendant, Plaintiff's action may be dismissed pursuant to Fed. R. Civ. P. 41 for failure to prosecute</u>. The court notes that failure to serve a fully completed Case Questionnaire accompanied by a signed Case Questionnaire Certification or failure to serve a fully completed PFS accompanied by a signed PFS Certification shall be deemed a failure to timely serve for purposes of this provision.

CMO #6 ¶ 4 [Doc. No. 1030] (emphasis added).

On August 3, 2020, the court issued CMO #7 [Doc. No. 1246] which stated, in relevant part, that "Plaintiffs' counsel are reminded of their obligation to comply with all general court orders filed in the master MDL file" and underscored that Plaintiffs' counsel are under an obligation to "remain informed as to discovery orders and pending motions, to maintain client addresses and other contact information, and to ensure their clients' timely obligations to comply with discovery obligations." Id. at 1–2. CMO #7 further stated that "[v]iolations of these discovery obligations are subject to all sanctions available under

3

Federal Rules of Civil Procedure 37(b) (failure to comply with discovery orders) and 37(d) (party's failure to serve answers to interrogatories or respond to request for production). These include dismissal of the action[.]" Id. at 2 (emphasis omitted).

### B. Plaintiffs Directly File Their Complaints in this MDL

On January 31, 2025, Plaintiff Burns filed her short-form complaint. Complaint, Burns v. Howmedica Osteonics Corp., 25-cv-10253 (D. Mass. Jan. 31, 2025), Doc. No. 1.[2] Plaintiff Burns was therefore required to serve her CQ by March 3, 2025, and her PFS by April 1, 2025.

On March 18, 2025, Plaintiff Ezell filed his short-form complaint, Complaint, Ezell v. Howmedica Osteonics Corp., 25-cv-10635 (D. Mass. Mar. 18, 2025), Doc. No. 1. Plaintiff McAlexander filed his short-form complaint, Complaint, McAlexander v. Howmedica Osteonics Corp., 25-cv-10637 (D. Mass. Mar. 18, 2025), Doc. No. 1, and Plaintiff Porter filed her short-form complaint, Complaint, Porter v. Howmedica Osteonics Corp., 25-cv-10638 (D. Mass. Mar. 18, 2025), Doc. No. 1.[3] Their CQs were therefore due on April 17, 2025, and their PFS's were due on May 19, 2025.

All four Plaintiffs are represented by Attorney George McLaughlin.

---

[2] The January 31, 2025 Complaint was docketed on the MDL docket on February 25, 2025. See Compl. [Doc. No. 1926].

[3] The March 18, 2025 Complaints were docketed on the MDL docket on March 21, 2025. See Complaints [Doc. No. 1939, 1941, 1943].

### C. Defendant's Letters to Counsel and Plaintiffs' Responses

#### 1. *Plaintiff Burns*

On April 14, 2025, Defendant sent a Notice of Deficiency to Attorney McLaughlin, notifying him of Plaintiff Burns' failure to serve the required CQ and PFS, the related signed CQ and PFS Certifications, and all required documentation, including authorizations, by the required deadlines and demanding service within fifteen days. Certification of Kim Catullo ¶ 2 [Doc. No. 1968-1]; Certification of Kim Catullo Ex. A (April 14, 2025 Letter), at ECF 4 [Doc. No. 1968-1]. Defendant further noted that failure to provide the required CQ and PFS by the extended deadline may result in dismissal of the case pursuant to Paragraph 4 of CMO #6. Certification of Kim Catullo ¶ 2 [Doc. No. 1968-1]; Certification of Kim Catullo Ex. A (April 14, 2025 Letter) at ECF 4 [Doc. No. 1968-1].

The fifteen-day period to cure for Plaintiff Burns expired on April 29, 2025. On that date, Plaintiff Burns served a CQ that did not include the required CQ Attorney Certification. Certification of Kim Catullo ¶ 3 [Doc. No. 1968-1]. Plaintiff's counsel also indicated that they were "working on completing the PFS." Id.

#### 2. *Plaintiffs McAlexander, Ezell, and Porter*

On May 5, 2025, Defendant sent Notices of Deficiency to Attorney McLaughlin, notifying him of Plaintiffs McAlexander, Ezell, and Porter's failure to serve the required CQ and PFS, the related signed CQ and PFS Certifications, and all required documentation, including authorizations, by the required deadlines and demanding service within fifteen days. Certification of Kim Catullo Ex. A, at ECF 4 [Doc. No. 1969-1]; Certification of Kim Catullo Ex. A, at ECF 4 [Doc. No. 1970-1]; Certification of Kim Catullo Ex. A, at ECF 4 [Doc. No. 1971-1]. Defendant further noted that failure to provide the required CQ and PFS by the extended deadline may result in dismissal of the case pursuant Paragraph 4 of CMO #6. Certification of Kim Catullo Ex. A, at ECF 4 [Doc. No.

5

1969-1]; Certification of Kim Catullo Ex. A, at ECF 4 [Doc. No. 1970-1]; Certification of Kim Catullo Ex. A, at ECF 4 [Doc. No. 1971-1].

The fifteen-day period to cure for Plaintiffs McAlexander, Ezell, and Porter expired on May 20, 2025. Certification of Kim Catullo Ex. A, at ECF 4 [Doc. No. 1969-1]; Certification of Kim Catullo Ex. A, at ECF 4 [Doc. No. 1970-1]; Certification of Kim Catullo Ex. A, at ECF 4 [Doc. No. 1971-1]. More than three weeks later, on June 12, 2025, a paralegal at Plaintiff's counsel's firm advised that Defendant that they were "working on the CQ and PFS." Certification of Kim Catullo ¶ 3 [Doc. No. 1969-1]; Certification of Kim Catullo ¶ 3 [Doc. No. 1970-1]; Certification of Kim Catullo ¶ 3 [Doc. No. 1971-1].

### D. Defendant's Motions to Dismiss

Defendant filed its Motions to Dismiss [Doc. Nos. 1968, 1969, 1970, 1971] on July 9, 2025. As of July 9, 2025, Plaintiff Burns had not served either a PFS or a fully complete CQ. Certification of Kim Catullo ¶ 4 [Doc. No. 1968-1]. Plaintiffs McAlexander, Ezell, and Porter had not served either a CQ or a PFS. Certification of Kim Catullo ¶ 3 [Doc. No. 1969-1]; Certification of Kim Catullo ¶ 3 [Doc. No. 1970-1]; Certification of Kim Catullo ¶ 3 [Doc. No. 1971-1].

### E. Plaintiffs' Counsels' Response

Plaintiffs' counsel filed a response two days later stating that he "mistakenly believed that Defense counsel was accepting of the delay that had occurred," that Plaintiffs had in fact provided counsel with all of the information necessary to complete the CQ before the case was filed and had provided the required related medical records, and that the CQ and related documents had now been served. McLaughlin Decl. ¶¶ 6–8 [Doc. No. 1972-1]; McLaughlin Decl. ¶¶ 6–8 [Doc. No. 1973-1]; McLaughlin Decl. ¶¶ 6–8 [Doc. No. 1974-1]; McLaughlin Decl. ¶¶ 6–8 [Doc. No. 1976-1].

As to Plaintiff Burns, counsel stated that the PFS and related documents had also now all been completed and properly served. McLaughlin Decl. ¶ 8 [Doc. No. 1972-1]. As to Plaintiff Ezell

6

and Plaintiff McAlexander, counsel stated that the completion of each Plaintiff's Fact Sheet was in process and was expected to be completed by July 14, 2025. McLaughlin Decl. ¶ 9 [Doc. No. 1973-1]; McLaughlin Decl. ¶ 9 [Doc. No. 1974-1]. As to Plaintiff Porter, counsel stated that the completion of Plaintiff's Fact Sheet was in process and was expected to be completed by July 17, 2025. McLaughlin Decl. ¶ 9 [Doc. No. 1976-1].

F. Defendant's Reply

In a July 18, 2025 Reply [Doc. No. 1983], Defendant reiterated the untimeliness of Plaintiffs' Responses and also detailed the continued deficiencies as to the material promised in Plaintiffs' Responses. Id. at 2–3. As to Burns, Ezell, and McAlexander, Defendant noted that the late-served PFS's did not contain signed Plaintiff's verifications or medical records authorization, and instead, included notations that missing material "will be produced." Certification of Kim Catullo ¶ 9 [Doc. No. 1983-1]. As to Porter, at the time of Defendant's Reply [Doc. No. 1983], the PFS still had not been served. Reply at 2 [Doc. No. 1983]; Certification of Kim Catullo ¶ 2 [Doc. No. 1983-1].

G. Plaintiffs' Counsel's Further Filing

On September 5, 2025, almost two months after filing their Responses to the Motions to Dismiss, Plaintiffs filed a Motion for Leave to File a Supplemental Response [Doc. No. 2048]. Plaintiffs did not dispute Defendant's characterization of the record as of July 18 but asserted that Plaintiffs' counsel "believes that each of these Plaintiffs now [has] fully complied with their production obligations pursuant to CMO # 6 and CMO # 7." Id. at 2. The court denied leave to file a further brief, but directed Plaintiffs' counsel that "[a]fter conferring, counsel for Plaintiffs Burns, Ezell, McAlexander and Porter and counsel for Defendant may file a joint statement limited to 'appris[ing] the Court of what [Plaintiffs] believe is their compliance with CMO # 6 and CMO # 7'

7

and Defendants' response thereto." Elec. Order [Doc. No. 2049] (quoting Mot. for Leave to File a Supp. Resp. 2 [Doc. No. 2048]).

Nothing further has been filed.

## II.     Discussion

Under Fed. R. Civ. P. 37(b) and (d), a party's failure to obey a court's discovery order, to serve answers to interrogatories, or to respond to a request for production of documents may be sanctioned. Potential sanctions include dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A)(v); see also Fed. R. Civ. P. 37(d)(3).

Plaintiffs do not dispute their failure to timely provide a CQ and PFS and their failure to cure that deficiency within fifteen days of receiving Notice from Defendant's counsel. That failure is particularly egregious here, where there is no reason that Defendant's first letter on Apil 14, 2025, and three letters on May 5, 2025, should not have caused Plaintiffs' counsel to take immediate and urgent steps to remedy the deficiencies. Instead, Plaintiffs' counsel proceeded with no urgency at all: on the last day of the fifteen-day cure period, counsel submitted for Plaintiff Burns a CQ (without an Attorney Certification) and a promise that they were "working on completing the PFS." Certification of Kim Catullo ¶ 3 [Doc. No. 1968-1]. And counsel took no action at all during the fifteen-day cure period for Plaintiffs McAlexander, Ezell, and Porter. Certification of Kim Catullo ¶ 3 [Doc. No. 1969-1]; Certification of Kim Catullo ¶ 3 [Doc. No. 1970-1]; Certification of Kim Catullo ¶ 3 [Doc. No. 1971-1].

Nor did Plaintiffs' counsel proceed with any urgency thereafter. Instead, a paralegal at his firm advised that Defendant that they were "working on the CQ and PFS" on June 12, 2025, with nothing following thereafter until Defendant filed the pending motions. Certification of Kim Catullo

¶ 3 [Doc. No. 1969-1]; Certification of Kim Catullo ¶ 3 [Doc. No. 1970-1]; Certification of Kim Catullo ¶ 3 [Doc. No. 1971-1].

Plaintiffs' counsel did make some effort to comply with the discovery obligations once the motions to dismiss were filed, submitting certain material and promising the remainder by July 17, 2025—months after they were due. McLaughlin Decl. ¶ 8 [Doc. No. 1972-1] (noting all materials were completed and served); McLaughlin Decl. ¶ 9 [Doc. No. 1973-1] (noting Plaintiff's Fact Sheet would be completed by July 14, 2025); McLaughlin Decl. ¶ 9 [Doc. No. 1974-1] (same); McLaughlin Decl. ¶ 9 [Doc. No. 1976-1] (attesting that completion of Plaintiff's Fact Sheet was in process and expected to be completed by July 17, 2025). Plaintiffs then failed to meet even this unilaterally-extended date, and Plaintiff Porter's PFS remains outstanding, while those of Plaintiffs Burns, Ezell, and McAlexander have been submitted but are deficient. Reply at 4 [Doc. No. 1983]; Certification of Kim Catullo ¶¶ 2, 9 [Doc. No. 1983-1].

Finally, two months later, Plaintiffs' counsel advised the court that he "believed" the discovery material had all been produced. Mot. for Leave to File a Supp. Resp. at 2 [Doc. No. 2048]. But counsel failed to provide details as to actual compliance, when given the opportunity to do so in a joint statement after conferring with Defendant's counsel. See Elec. Order [Doc. No. 2049].

The court's order permitting direct filing allowed Plaintiffs the opportunity to participate in the MDL with a short-form complaint, without the burden of filing a full complaint and seeking transfer to this court by the MDL panel. That privilege comes with the obligation to comply with the discovery orders in place to allow the MDL to proceed in a timely manner. Here, where Plaintiffs' counsel offered no meaningful excuse of the untimely filings, made no real efforts to comply with the notices of deficiencies, and failed to meet Plaintiffs' counsel's own promised dates

for completing the discovery with accurate and complete materials, the court finds no reason to excuse the failure to comply with court orders.

### III.     Conclusion

For the foregoing reasons, Defendant's Motions to Dismiss for Failure to Comply with CMO #6 and CMO #7 [Doc. Nos. 1968, 1969, 1970, 1971] are GRANTED. The Complaints [Doc. 1926, 1939, 1941, 1943] filed by Plaintiffs Michelle Burns, Joseph Ezell, Doug McAlexander, and Georgia Porter, respectively, are DISMISSED WITH PREJUDICE. The clerk shall docket a copy of this Order in Michelle Burns v. Howmedica Osteonics Corp., 25-cv-10253, Joseph Ezell v. Howmedica Osteonics Corp., 25-cv-10635, Doug McAlexander v. Howmedica Osteonics Corp., 25-cv-10637, and Georgia Porter v. Howmedica Osteonics Corp., 25-cv-10638, terminate the pending motions to dismiss docketed in the individual cases, and close those files.

IT IS SO ORDERED.

Date: December 12, 2025                                    /s/ Indira Talwani
                                                          United States District Judge